ARTHUR R. IVEY AND KAREN L. IVEY, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 198-67—200-67. Filed April 16, 1969.

*Tobias Weiss*, for the petitioners.
*John K. Antholis* and *William T. Hayes*, for the respondent.

---

[1] Cases of the following petitioners are consolidated herewith: Robert C. Barnum, Jr., and Marion M. Barnum, docket No. 199-67; Edwin J. O'Mara, Jr., and Helen E. O'Mara, docket No. 200-67.

## OPINION

Section 165, I.R.C. 1954,[2] allows "as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." It is under this law that a taxpayer may receive what is called a demolition deduction when the improvement on his realty is demolished. The deductible loss, if he is entitled to a demolition deduction, will be that portion of his purchase price of the improved realty that is allocable to the improvement.

The rule is well established that if the intent to demolish the building exists at the time the property on which it is located is purchased or acquired, no loss, in fact, occurs for which a deduction may be taken. The determining factor is the intention of the taxpayer on the date of acquisition, *Liberty Baking Co.* v. *Heiner*, 37 F.2d 703 (C.A. 3, 1930); *Lynchburg National Bank & Trust Co.*, 20 T.C. 670 (1953), affd. 208 F.2d 757 (C.A. 4, 1953). Also see section 1.165–3, Income Tax Regs.[3] The rationale for this rule was stated in *Lynchburg National*

---

[2] All section references are to the Internal Revenue Code, as amended unless otherwise indicated.

[3] Sec. 1.165–3. Demolition of buildings.

(a) *Intent to demolish formed at time of purchase.* (1) Except as provided in subparagraph (2) of this paragraph, the following rule shall apply when, in the course of a trade or business or in a transaction entered into for profit, real property is purchased with the intention of demolishing either immediately or subsequently the buildings situated thereon: No deduction shall be allowed under section 165(a) on account of the demolition of the old buildings even though any demolition originally planned is subsequently deferred or abandoned. The entire basis of the property so purchased shall, notwithstanding the provisions of § 1.167(a)–5, be allocated to the land only. Such basis shall be increased by the net cost of demolition or decreased by the net proceeds from demolition.

*Bank & Trust Co., supra,* as follows:

Where, as here, there is a purchase of land with the intent to demolish a building situated thereon and erect a new one, no part of the price paid is allocable to the building, since it is deemed that the building has no value to the purchaser and it is the land which is purchased and which alone has value. The entire purchase price, therefore, represents the cost of the land and becomes the purchaser's basis. * * *

Petitioners acquired title to the property at 172 Mason Street by the deed of Greenwich Title Co. Inc. dated June 5, 1963. Petitioners were stockholders of Greenwich Title Co. Inc. and the deed they received was executed and delivered to them pursuant to a section 333 liquidation of the said corporation. In general, and insofar as applicable here, the cited statute provides for the nonrecognition of gain realized by electing stockholders in certain liquidations when the "property distributed in complete liquidation" is "made in pursuance of a plan of liquidation" and "the distribution is in complete cancellation or redemption of all the stock."

Petitioners admit that at the time they acquired title to the property at 172 Mason Street in June of 1963 they intended to demolish the building. In their petitions they alleged: "In the summer of 1963, the stockholders therefore decided to demolish the apartment building at 172 Mason Street. That demolition was completed on July 31, 1963." Petitioners do not argue that they would be entitled to the demolition deduction under the statute and regulations if their intent at the time they acquired title in June of 1963 is to be the determining factor. In effect petitioners argue that they are entitled to a loss deduction for the demolition of a building located on realty that they acquired with intent to demolish the building. All of the evidence clearly shows the demolition occurred pursuant to petitioners' intent formed prior to their receipt of deed to the property. As stated petitioners do not allege or argue otherwise and in fact they affirmatively allege they had the intent to demolish the building while they were still stockholders and before they received their deed.

Petitioners' position as stated on brief is as follows:

I. There was no intent or plan to demolish the building at the time the property was purchased on March 16, 1959.

II. Section 334(c) of the Code prescribes the basis for the building to be allocated to the taxpayers upon the Section 333 liquidation, and a loss to that extent was incurred when the building thereafter was demolished by the taxpayers.

We need not decide the corporate intent of petitioners' predecessor in title, the Greenwich Title Co. Inc., at the time it purchased the property in March of 1959. We need only consider the second part of petitioners' contention.

As we understand petitioners' arguments they seem to contend that when improved property is acquired by stockholders in a nontaxable section 333 liquidation, the controlling intent with respect to demolition of the improvement is not their intent at the time they surrendered their stock and took the corporation's deed but the corporation's intent with respect to demolishing the improvement when the corporation bought the property some years earlier.

Petitioners' argument is not supported by any reason or authority. It consists almost entirely of stating the conclusion that the demolition loss is available to them because this is the natural result from an acquisition in a section 333 liquidation when the corporation did not acquire the property with intent to demolish the improvement. The argument does not give any reason or explain why taxpayers who acquire property admittedly with intent to demolish the improvement should receive a demolition deduction merely because the property was acquired in a section 333 liquidation.

The rule as stated earlier is that the purchaser who intends to demolish is not entitled to a demolition deduction and the entire basis should be allocated to the realty. We pointed out that the rationale for this rule is that the existence of the purchaser's intent to demolish means the building has no value to the purchaser. He suffers no loss when the building is demolished for it is the land alone that has value to him. The acquisition of property by a stockholder in liquidation amounts to a "purchase" within the meaning of section 1.165-3(a)(1), Income Tax Regs. Petitioners do not argue otherwise. Section 331 provides that "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock." Ordinarily this would be a fully taxable event. All that section 333 does is provide that under certain circumstances the shareholders' gain can go unrecognized. But the character of the liquidation is still one of sale or exchange of stock for assets. In substance the shareholder purchases his share of the corporate assets in exchange for his stock.

As stated petitioners give no reason why the deduction should be made available to them without regard to their intent merely because they acquired the property in a section 333 liquidation. The only case cited by petitioners is *N. W. Ayer & Son, Inc.*, 17 T.C. 631. The case is not applicable. There, a partnership business was incorporated and the business property transferred to the corporation in a tax-free exchange. The partnership's basis carried over to the corporation and the opinion holds the carryover basis included the partnership's intent to demolish the building at the time it purchased the building and paid the purchase price. Actually the partnership only bought land since it intended to demolish the building. This case is not at all like the instant case. It did not involve an acquisition in liquidation. In a transfer of assets

under an incorporation of a business statute providing for a tax-free exchange (such as section 351) the assets keep the basis they had in the hands of the transferor. Thus the transferor's intent at the time he bought the asset can be said to control. In a section 333 liquidation, the basis of a distributed asset does not carry over to the stockholder. The asset acquires a new basis in the hands of the stockholder. His stock basis is allocated to the distributed assets pro rata in accordance with the value on the date of liquidation of the assets liquidated. Sec. 334(c); sec. 1.334–2, Income Tax Regs.

We find no merit in petitioners' contention. The corporate intent of Greenwich Title Co. Inc. in 1959 when it purchased the property with respect to demolishing the building is immaterial. The guiding consideration is petitioners' intent in June of 1963 when they surrendered their stock for the deed to the property. As pointed out earlier their intent at the time they acquired the property was to demolish the building. Under section 1.165–3, Income Tax Regs., they and their partnership are precluded from any demolition loss deduction. On the date of the liquidation and the date of their deeds the building had no value to petitioners. They suffered no loss when it was demolished. Respondent was right in disallowing the demolition deduction to the partnership and in determining the deficiencies in issue based on such disallowance.

*Decision will be entered for the respondent in each docket.*

